MORRIS R. KING, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
King v. Commissioner
Docket No. 18668-88
United States Tax Court
T.C. Memo 1989-226; 1989 Tax Ct. Memo LEXIS 226; 57 T.C.M. (CCH) 362; T.C.M. (RIA) 89226; May 11, 1989. *226 Petitioner omitted $ 820 unemployment compensation from gross income on his 1985 tax return. Held: The ceiling on petitioner's taxable unemployment compensation under section 85 was in excess of $ 820 so that entire amount is includable in petitioner's income for 1985. Susan S. Canavello, for the respondent. WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [1]
*227 Respondent determined a deficiency in petitioner's Federal income tax for 1985 in the amount of $ 206. The sole issue is whether the $ 820 of unemployment compensation which petitioner received during 1985 from the State of Louisiana, Department of Labor, Office of Employment Security, is includable in his gross income for that year. The facts of this case have been fully stipulated and are so found. Petitioner resided in New Orleans, Louisiana when he filed his petition in this case. Petitioner filed his income tax return for 1985 with the Internal Revenue Service Center in Austin, Texas on November 22, 1986. The return was received by respondent on November 24, 1986. On his 1985 tax return petitioner reported wages of $ 21,649.92, interest income of $ 90.68, and a business loss of $ 1,841. Petitioner reported adjusted gross income of $ 19,899. During 1985 petitioner received unemployment compensation of $ 820 from the State of Louisiana, Department of Labor, Office of Employment Security. Petitioner did not report his receipt of the unemployment compensation on his 1985 income tax return. Respondent timely mailed a statutory notice of deficiency to petitioner on *228 April 18, 1988. Respondent determined a deficiency of $ 206 in petitioner's 1985 income tax. The deficiency was attributable solely to petitioner's omission of $ 820 of unemployment compensation from the income reported on his return. Petitioner contends that he was not required to report unemployment compensation income because he "made less than $ 20,000." Section 85 provided that a taxpayer who receives Federal or state unemployment compensation payments may be required to include all or part of such benefits in his gross income. Under section 85, as it existed for the year at issue, gross income includes the lesser of (1) the amount of unemployment compensation benefits received during the year or (2) half the excess of adjusted gross income, modified by certain adjustments not here relevant, plus the unemployment compensation received during the year over a base amount. The base amount for unmarried taxpayers is $ 12,000. The computation of the portion of petitioner's unemployment compensation includable in gross income is as follows: $ 19,899.00 Adjusted gross income
+    820.00 Unemployment compensation
$ 20,719.00
-12,000.00 Statutory base amount
$  8,719.00 Excess
2    Divided by 2
$  4,359.50 Ceiling on taxable unemployment compensation
*229 Since petitioner's total unemployment compensation of $ 820 is less than the $ 4,359.50 ceiling prescribed under section 85, the entire amount of petitioner's unemployment compensation for 1985 is includable in his gross income. Respondent's determination is sustained. Decision will be entered for respondent.
Footnotes
1. All section references are to the Internal Revenue Code, as amended and in effect during the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩